SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SKYE RUOZZI, individually and on behalf of others similarly situated,

Plaintiff,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.,

Defendant.

Filed:

INDEX NO.:

**SUMMONS**

The basis of venue is Plaintiff's residence.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, NY
April 14, 2025

s/Michael J.S. Pontone, Esq.

**The Law Offices of Michael J.S. Pontone, Esq., P.C.**
*Attorneys for Plaintiff and the Putative Class*
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784
michael@pontonelaw.com

TO: SAMSUNG ELECTRONICS AMERICA, INC.
85 Challenger Rd
Ridgefield Park, NJ 07660

RECEIVED
APR 22 2025
BY:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SKYE RUOZZI, individually and on behalf of others similarly situated,

Plaintiff,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.,

Defendant.

INDEX NO.:

**VERIFIED CLASS ACTION COMPLAINT**

Plaintiff SKYE RUOZZI, by and through counsel, THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., as and for the complaint against the Defendants, together and severally, alleges as follows:

## INTRODUCTION

1. This action is for violations of New York's Consumer Protection Act and General Business Law §§ 349 and 350, and seeks damages caused by the Defendant's deceptive acts and practices with respect to its electronics business in the State of New York.

2. Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("Samsung") sets itself out as a company that markets and sells mobile phones and other electronic devices produced by its South Korean parent company, Samsung Electronics Co. Ltd. Samsung also markets and sells accessories for its devices, including phone cases.

3. At all times mentioned herein, it is alleged that Samsung was engaging and continues to engage in a scheme to coerce, induce, and defraud the common Consumer, and unjustly enrich itself as outlined hereinabove.

4. Each of the above practices by the Defendant constitutes a separate violation of New York's Consumer Protection Act and General Business Law §§ 349 and 350.

5. The Plaintiff herein, including those similarly situated, has thus adequately set forth their claims, pursuant to GBL § 349 (h), that Defendant has engaged, and continues to be engaging, in acts and/or practices that are deceptive and misleading in a material way, and that the Plaintiff, and those similarly situated, have been damaged by reason thereof.

6. Wherefore, the Plaintiff herein demands judgment as against the Defendant, and such other and further judgment this Honorable Court deems necessary and just.

**JURISDICTION**

7. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

8. This Court has jurisdiction over the subject matter of this case pursuant to CPLR §§ 301 and 304, and pursuant to Frummer v. Hilton Hotels Int., 19 NY 2d 533 - NY: Court of Appeals 1967, *et al.*

**PARTIES**

9. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

10. At all times herein mentioned, the Plaintiff, SKYE RUOZZI, was and still is a natural person, residing in the County of Kings, City of New York.

11. At all times herein mentioned, Defendant Samsung was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New Jersey.

12. At all times herein mentioned, Defendant Samsung was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

13. At all times herein mentioned, Defendant Samsung maintained a principal place of business in the State of New Jersey.

14. At all times herein mentioned, Defendant Samsung derived substantial revenue from goods used or consumed or services rendered in the State of New York.

15. At all times herein mentioned, Defendant Samsung expected or should reasonably have expected its acts to have consequences in the State of New York.

16. At all times herein mentioned, Defendant Samsung derived substantial revenue from interstate or international commerce.

17. Defendant Samsung is the wholly owned U.S. subsidiary of Samsung Electronics Co., Ltd., which has its headquarters in South Korea.

## FACTS

18. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

19. Plaintiff owns a Samsung phone, the Galaxy S23 Ultra, which she purchased at a T-Mobile store in November 2023. Plaintiff also purchased a Samsung-brand phone case, the "Samsung Galaxy S23 Ultra Silicone Grip Case," at the same time, which cost roughly $70.00.

20. Plaintiff noticed that silicone coating on the phone case eroded very rapidly.

21. On or about October 3, 2024, Plaintiff requested a refund for the phone case, but was sent a replacement case instead.

22. The silicone coating on the replacement case immediately began to erode.

23. On or about February 9, 2025, Plaintiff again requested a refund for the phone case and was sent a replacement case instead.

24. Plaintiff noticed that the back of the box included a "reproductive harm" warning:




25. This warning was not included anywhere on the website. Plaintiff never saw the box for the original case as the store employee took it out of the box and put it on the phone.

26. Plaintiff has not taken the second replacement case out of the box as she is deeply concerned that the erosion of the case may be dangerous given the Reproductive Harm warning and its proximity to her hands and face.

27. Amazon reviews indicate that other buyers of the phone case have also encountered problems related to its durability.

28. Therefore, at all times mentioned herein, based on the above, the Defendant deceptively marketed and sold a defective and potentially dangerous product to Plaintiff without the proper disclosures.

29. Each of the above practices by the Defendant are separate violations of New York's Consumer Protection Act and General Business Law §§ 349 and 350 *et al.*

30. The Plaintiff herein, including those similarly situated, has thus adequately set forth their claims, pursuant to GBL § 349 (h), that Defendant has engaged, and continues to be engaging, in acts and/or practices that are deceptive and misleading in a material way, and that

the Plaintiff, and those similarly situated, have been damaged by reason thereof.

31. Wherefore, the Plaintiff herein demands judgment as against the Defendant, and such other and further judgment this Honorable Court deems necessary and just.

## CLASS ALLEGATIONS

32. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

33. This action is properly maintainable as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

34. This action is brought on behalf of the named Plaintiff individually, and a class consisting of similarly situated consumers who own or have owned the Samsung Galaxy S23 Ultra Silicone Grip Case.

35. The putative class is so numerous that joinder of all members is impracticable. Samsung is a leading brand in the mobile phone industry. According to StatCounter.com, as of March 2025, Samsung accounts for 23.64% of the U.S. smartphone market, the second-largest market share in the country. Therefore, although discovery is required to identify the actual total number of affected consumers, the size of the putative class in New York is believed to be significant.

36. In addition, the names of all potential members of the putative class are not known.

37. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a. Whether Defendant violated New York's Consumer Protection Act and General

Case 1:25-cv-03538-AMD-MMH Document 1-1 Filed 06/23/25 Page 7 of 19 PageID #: 19

Business Law §§ 349 and 350, as fully set forth herein;

b. Whether Defendant violated the pertinent parts of the New York City Administrative Code: Title 20, as fully set forth herein; and

c. Whether the Defendant committed fraud, was involved in a scheme to unjustly enrich itself, and whether the Defendant was negligent;

38. The claims of the named Plaintiff are typical of the claims of the putative class.

39. The named Plaintiff and putative class members were all subject to Defendant's policies and willful practices which led, and continue to lead, to the within violations.

40. The named Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

41. The named Plaintiff has retained counsel experienced in complex litigation and class action litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

43. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's actions.

***Remainder of Page Intentionally Left Blank***

## FIRST CAUSE OF ACTION

### Violations of New York's Consumer Protection Act,

### General Business Law §§ 349 and 350

44. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

45. New York's Consumer Protection Act, and the General Business Law article 22-A, was enacted to provide consumers with a means of redress for injuries caused by unlawfully deceptive acts and practices (see General Business Law §§ 349, 350; see also, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]). This legislation, much like its federal counterpart, the Federal Trade Commission Act (15 USC § 45), is intentionally broad, applying "to virtually all economic activity" (Karlin v IVF Am., 93 NY2d 282, 290 [1999]). The statute seeks to secure an "honest marketplace" where "trust," and not deception, prevails (Oswego, 85 NY2d at 25, quoting Mem of Governor Rockefeller, 1970 NY Legis Ann, at 472).

46. General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful" (General Business Law § 349 [a]).

47. Under General Business Law § 349 (h) "[a] prima facie case requires a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (Oswego, 85 NY2d at 25). Additionally, the allegedly deceptive acts, representations or omissions must be misleading to "a reasonable consumer" (Oswego, 85 NY2d at 26; see also, Karlin, 93 NY2d 282; Gaidon, 94 NY2d 330).

48. The services that Defendant provides consumers are for personal, household, or

family purposes and, therefore, are consumer goods and services.

49. Defendant, in the ordinary course of business, supplies consumer goods and services and, therefore, is a merchant under New York State Law.

50. Users of Defendant's services receive consumer goods and services in the form of electronic devices and related accessories from Defendant or its agents and are therefore consumers under New York Law.

51. New York's Consumer Protection Act and General Business Law prohibits unfair or deceptive trade practices in connection with the offer, sale, and supply of consumer goods and services.

52. Defendant, in the course of marketing, promoting, selling, and supplying its goods and services, has engaged in a course of trade or commerce which constitutes false, deceptive, or misleading acts or practices, and is therefore unfair or deceptive under the New York Law.

53. General Business Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful" (General Business Law § 350).

54. Defendant has advertised its products and services in a manner that is misleading in a material respect, namely by representing that the product is safe to use and not defective, which constitutes false advertising and is therefore unlawful under the New York Law.

55. As a direct and proximate result of Defendant's conduct, including the acts and practices set forth herein, Defendant has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to recover damages, including enhanced damages, if available, in an amount to be determined at trial, and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### Violations of the New York City Administrative Code: Title 20

56. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

57. The New York City Administrative Code § 20-700 prohibits deceptive or unconscionable trade practice in the sale of any consumer goods or services.

58. At all times mentioned herein, the Defendant engaged, and continues to engage, in deceptive trade practices, consisting of, but not limited to, misleading written statements, visual descriptions and other representations made in connection with the sale and offering for sale consumer goods and services with intent of effectively and intentionally deceiving and misleading consumers.

59. At all times mentioned herein, the Defendant engaged, and continues to engage, in deceptive trade practices including, but not limited to:

a. Representations that goods or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; or, goods or services are of a particular standard, quality, grade, style, or model, if they are of another;

b. Via the use, in all written representation, of exaggeration, innuendo or ambiguity as to a material fact, and failure to state a material fact with intent to deceive; and

c. By offering goods and services with intent not to sell them as offered.

60. At all times mentioned herein, the Defendant was further engaging, and continuing to engage in, unconscionable trade practices, consisting of, but not limited to, the following:

a. The Defendant acted and continues to act, practiced and continues to practice, in connection with the sale and offering for sale consumer goods and services, which unfairly take advantage of the lack of knowledge, ability, experience or capacity of a consumer;

b. The Defendant engaged and continues to engage in sales tactics which ultimately result in a gross disparity between the value received by a consumer and the price paid, to the consumer's detriment;

c. The Defendant engaged and continues to engage in the aforementioned deceptive, "bait-and-switch" marketing and pricing scheme with the full, premeditated knowledge of: (i) the inability of consumers to receive properly anticipated benefits from the goods or services involved; (ii) the gross disparities between the price of goods or services and their value measured by the price at which similar goods or services are readily obtained by other consumers; and (iii) the fact that Defendant's acts and practices may enable the Defendant, as they have, to take advantage of the inability of consumers to reasonably protect their interests by reason of physical or mental infirmities, illiteracy or inability to understand the language of the agreement, ignorance or lack of education, or similar factors.

61. As a direct and proximate result of Defendant's conduct, including the acts and practices set forth herein, Defendant has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to recover damages, including enhanced damages, if available, in an amount to be determined at trial, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### Negligence

62. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

63. Defendant negligently, carelessly, and/or recklessly misrepresented and/or omitted the fees, prices, services, terms and other aspects of its offers and intents to the Plaintiff and those of the same putative class.

64. At all times material, Plaintiff and those of its putative class justifiably and detrimentally relied upon the material misrepresentations of Defendant which resulted in the above violations and damages.

65. By the foregoing reasons, Defendant is liable to Plaintiff and the other members of the putative class for an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### Fraud

66. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

67. Defendant fraudulently misrepresented and/or omitted information as clearly outlined hereinabove, with intent to defraud the common Consumer and those similarly situated and had a motive and purpose to do such.

68. At all times material, Plaintiff, and others of the same putative class, justifiably and detrimentally relied upon the material misrepresentations of Defendant which resulted in the above violations and damages.

69. The fraudulent misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from the Plaintiff and/or otherwise from the proceeds of said acts.

70. As the intended result of the aforesaid, Plaintiff and other members of its putative class reasonably relied upon said misrepresentations and/or omissions to their detriment.

71. At all times material, Plaintiff and those in its putative class, justifiably and detrimentally relied upon the material intentional and/or fraudulent misrepresentations of Defendant, which resulted in the aforementioned violations and damages.

72. As the direct and proximate results of the aforesaid, Plaintiff and those members of its putative class sustained the aforesaid damages.

73. By the foregoing reasons, Defendant is liable to Plaintiff and the other members of the putative class for an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

74. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

75. At all times mentioned herein, the Plaintiff and the other members of the putative class purchased the product offered by Defendant for which the Plaintiff paid an inflated price as outlined hereinabove, which was not disclosed and/or properly disclosed, and was unlawfully and unjustly retained by Defendant.

76. At all times mentioned herein, the Plaintiff and other members of the putative class were directly coerced and lied to by the Defendant.

77. Owing solely to the purchases made by the Plaintiff and other members of the

putative class at Defendant's direction and schemes, the Defendant was able to benefit from the assessment and collection of additional fees, without due explanation nor refunding of the unlawful and unjust fees and price increases.

78. Equity and good conscience would not permit Defendant to retain the additional fees and/or inflated price discrepancies from the products and services Defendant provided, inasmuch as the Consumers reasonably believed such charges and price increases would not occur and come due upon Plaintiff and other members of the putative class.

79. By the foregoing reasons, Defendant is liable to Plaintiff and the other members of the putative class for an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other persons similarly situated, demand(s) judgment against the Defendant as follows:

A. Judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts, which would otherwise have jurisdiction;

B. Judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts, which would otherwise have jurisdiction;

C. Judgment awarding damages on the third cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts, which would otherwise have jurisdiction;

D. Judgment awarding damages on the fourth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts, which would otherwise have jurisdiction;

E. Judgment awarding damages on the fifth cause of action, in an amount exceeding

the monetary jurisdictional limits of all lower courts, which would otherwise have jurisdiction;

F. Interest, the costs and disbursements of this action, together with such other and further relief as to this Court deems just and proper.

Dated: New York, New York
April 14, 2025

s/Michael J.S. Pontone, Esq.

**The Law Offices of Michael J.S. Pontone, Esq., P.C.**
*Attorneys for Plaintiff and the Putative Class*
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784
michael@pontonelaw.com

TO: SAMSUNG ELECTRONICS AMERICA, INC.
85 Challenger Rd
Ridgefield Park, NJ 07660

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SKYE RUOZZI, individually and on behalf of others similarly situated,

Plaintiff,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.,

Defendant.

INDEX NO.:

**INDIVIDUAL VERIFICATION**

SKYE RUOZZI, being duly sworn, deposes and says:

I am Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true to my knowledge, except as those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

SKYE RUOZZI
Plaintiff

Sworn before me this
17 day of APRIL, 2025.

Notary Public

KRISTINE M. DIVNEY
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in New York County
01DI6442165
MY COMMISSION EXPIRES 10/11/202

*Index No.:*

---

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---

**SKYE RUOZZI, individually and on behalf of others similarly situated,**

**PLAINTIFF,**

**-AGAINST-**

**SAMSUNG ELECTRONICS AMERICA, INC.,**

**DEFENDANT.**

---

***SUMMONS & VERIFIED CLASS ACTION COMPLAINT***

---

Michael J.S. Pontone, Esq.
**THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., P.C.**
*Attorneys for Plaintiff and the Putative Class*
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SKYE RUOZZI, individually and on behalf of others similarly situated,

Plaintiff,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.,

Defendant.

INDEX NO.:

**NOTICE OF ELECTRONIC FILING (Mandatory Case) (Uniform Rule § 202.5-bb)**

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney:</u>**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 3).

- **<u>If you are not represented by an attorney:</u>**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit: www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: New York, New York
April 14, 2025

s/Michael J.S. Pontone, Esq.

**The Law Offices of Michael J.S. Pontone, Esq., P.C.**
*Attorneys for Plaintiff and the Putative Class*
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784
michael@pontonelaw.com

TO: SAMSUNG ELECTRONICS AMERICA, INC.
85 Challenger Rd
Ridgefield Park, NJ 07660